FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRECT OF MASSACHUSETTS

JACQUELINE WEAVER-FERGUSON,
PLANTIFF / PO SE.

V.                                                               CIVIL ACTION NO.:

BOSTON PUBLIC SCHOOLS (BPS),
DEFENDANT.

## COMPLAINT

**Now Comes,** Plaintiff in above caption acting Pro Se, is a resident of Boston, Suffolk County, Massachusetts and a citizen of the United States.

Defendant(s) in above caption is a City owned and operated organization in Boston, Suffolk County, Massachusetts and operates in the United States.

## JURISDICTION

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## FACTS

Plaintiff has been employed by the Boston Public Schools Lee Academy (hereafter BPS) as an assistant teacher for 15 years. Plaintiff worked with co-worker (hereafter Ms. Herrington) at BPS and was invited by BPS to the company Christmas Party on date herein.

Plaintiff was intimidated at a company event by a co-worker who is also an employee of BPS, and was forced to defend herself to prevent co-worker from causing harm to plaintiff.

Plaintiff attended employees Christmas Party at Sweet Life Restaurant located in Dorchester, MA., where incident occurred on 12/13/2013 at 5:30 pm, this was an open bar event.

Plaintiff arrived with BPS co-worker Ms. Shepard and sat at the same table with co-workers Ms. Wyche, Ms. Slyvia, Ms. Rhada, Ms. Brenda and Mr. Baker. Co-worker in question came and sat at the table with plaintiff and BPS co-worker stated "they (BPS) should put you in that class because your tough". Plaintiff humbly declined by stating "that's okay I'm fine where I am at."

Co-worker left Plaintiff's table and then returned some 20 minutes later leaned down in Plaintiff's face and private space, Plaintiff then leaned back in her chair while co-worker was pointing her finger in Plaintiffs chest and stated "shut the f** up" that which time Plaintiff told co-worker discreetly "your drunk."

Co-worker began to accost Plaintiff through intimidated and apprehensive contact, use of vulgar language, and unwanted touching. Plaintiff was only showing concern for co-worker in her state of intoxicated drunkenness.

Plaintiff was forced to defend herself when co-worker began to harass Plaintiff by touching Plaintiff's hair and put her hands violently on Plaintiff, causing Plaintiff to react to prevent bodily harm to her person.

Plaintiff as well as other BPS co-workers informed the principal before the incident got physical, that the co-worker was in fact intoxicated and would be in need of a ride home which went ignored leading to the Plaintiff and co-workers conflict which ultimately caused the incident.

Plaintiff removed herself from the table and returned after co-worker in question had left the table to avoid conflict with co-worker after being disrespected. Not too long after co-worker approached Plaintiff again in a threatening manner, Plaintiff then asked co-worker did she call someone for ride home which co-worker responded in a disrespectful manner pointing in Plaintiffs chest telling Plaintiff "shut the f***k up".

It was only when co-worker grabbed Plaintiffs clothing and assaulted Plaintiff when Plaintiff reacted in defense believing that harm was going to be caused to her wellbeing. Plaintiff only restrained co-worker to prevent any harm to Plaintiff and co-worker.

Plaintiff was told not to report to work on Monday because of the seriousness of the incident which later Plaintiff was suspended for her part in the incident without pay for 20 days and her co-worker was able to return to work directly after the incident and was later transferred to another BPS school with no loss of pay.

Plaintiff is an employee of BPS and it was their event in which Plaintiff was invited to, and it is the responsibility of BPS to provide reasonable safety to Plaintiff while in attendance.

In fact if co-worker whom is of white decent was not intoxicated at the time of incident would not have assaulted Plaintiff with the use of intimidating jesters, Plaintiff would not have had to defend herself from bodily harm.

Plaintiff humbly request that punitive damages for hardship and the loss of twenty (20) days of work in the amount of $12,049.00 and the suspension be removed from employment record.

**Wherefore**, Plaintiff acting Pro Se demands judgment against the Defendant(s) for damages and such other relief as the Honorable Court deems just. Plaintiff humbly requests a trial by jury in the above caption matter.


Respectfully Submitted.


Jacqueline Weaver-Ferguson
Plaintiff / Pro Se