UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE WEAVER-FERGUSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON PUBLIC SCHOOLS, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>15-13101-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

SAYLOR, J.

On August 6, 2015, Jacqueline Weaver-Ferguson filed a *pro se* complaint against defendant Boston Public Schools ("BPS") alleging that she was unfairly disciplined following an altercation with a co-worker at a staff holiday party. The complaint asserts subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

On September 8, 2015, BPS filed a motion to dismiss contending that the Court lacks subject-matter jurisdiction over the case, and, in the alternative, that the complaint failed to state a claim upon which relief can be granted. Plaintiff filed an opposition to that motion on September 24, 2015. After review, the Court issued an order on February 16, 2016, directing plaintiff to show cause why the case "should not be dismissed for lack of diversity jurisdiction" and to "amend her complaint to include facts that could give rise to a colorable claim under federal law." Plaintiff filed a response to the order to show cause on February 26, 2016, amending her monetary demand and alleging additional facts.

BPS's seeks dismissal on two grounds: lack of subject-matter jurisdiction and failure to

state a claim upon which relief can be granted. The original complaint remains the operative complaint in this action. However, because plaintiff is proceeding *pro se*, the Court will deem the factual allegations in plaintiff's response to the show-cause order (which plaintiff refers to as "this amendment to original complaint [sic]") to be part of the complaint for purposes of resolving defendant's motion to dismiss for lack of subject-matter jurisdiction.[1]

However, because plaintiff's response to the Court's show cause order adds facts that are material to her claim, the second part of defendant's motion to dismiss—alleging that the complaint fails to state a claim—will be denied without prejudice to its renewal at a later date. Therefore, the Court will consider only the issue of subject-matter jurisdiction at this stage.

**I.     Background**

The complaint alleges that plaintiff has been employed by BPS at Lee Academy for fifteen years as an assistant teacher. (Compl. 1). On December 13, 2013, plaintiff and several of her colleagues attended a Christmas party for Lee Academy staff. (*Id.*). The complaint describes (in somewhat confusing terms) a physical altercation between plaintiff and a co-worker. (*Id.* at 2).

Both women were disciplined in the aftermath of the altercation. According to plaintiff, she was asked not to come into work the following Monday and was suspended without pay for twenty days. The co-worker, however, was allegedly able to return to work, but was later transferred to a different Boston public school with no loss of pay. (*Id.*).

Plaintiff is an African-American female, and the co-worker is white. (Pl. Resp. 2). The complaint alleges that BPS treated plaintiff differently from her white co-worker, and that both

---

[1] Specifically, and for present purposes only, the operative complaint will be deemed to be (1) the allegations of the original complaint; (2) the factual allegations of the opposition to the motion to dismiss; and (3) the factual allegations of the response to the show-cause order, all taken together.

women "working under the same organization should be treated the same under the policies of that organization." (*Id.*).  The complaint further alleges that the unfair treatment plaintiff experienced "resulted into retaliation within a hostile environment causing Plaintiff stress and loss of wages," but does not describe how plaintiff was retaliated against or in what ways her work environment became hostile.  (*Id.*).

## II.     Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

BPS contends that the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because it fails to allege diversity of citizenship as required by 28 U.S.C. § 1332.  District courts have diversity jurisdiction only where the amount of controversy exceeds $75,000 *and* the parties are citizens of different states.  28 U.S.C. § 1332.  Although plaintiff now alleges damages of $112,049, both plaintiff and defendant are citizens of Massachusetts. (Compl. 1).   Therefore, this Court does not have subject-matter jurisdiction over this action under § 1332.

However, federal courts also have subject-matter jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In her response to the Court's order to show cause, plaintiff asserted that she is bringing a claim under "[T]itle VII of the Civil Rights Act."  She contends that "[d]efendant(s) disciplined [p]laintiff differently than white co-worker causing said action" and that "[p]laintiff being an African-American female and the co-worker being of white decent [sic], working under the same organization should be treated the same under the policies of that [ ] organization." (*Id.*).  Taken as whole, this information sufficiently indicates that plaintiff intends to bring a claim for race discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[2]  Accordingly, because plaintiff's action arises, at least in part, under federal law, this

---

[2] Plaintiff also identified her cause of action as "[d]iscrimination and unfair treatment" on the civil cover sheet to her original complaint.

Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

### III.     Amendment of Complaint

While "[*p*]*ro se* complaints are accorded an 'extra degree of solicitude . . . .' even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 U.S. Dist. LEXIS 12817, at *6-7 (D. Mass. January 15, 2009) (quoting *Adams v. Stephenson*, 1997 U.S.App. LEXIS 15371, at *2 (1st Cir. June 23, 1997)).  As noted, plaintiff here has asserted factual allegations and legal theories in at least three different documents.  Plaintiff will be directed to file, within 21 days, a formal amended complaint containing a specific description of the claims she is bringing against BPS along with all of the facts and allegations on which those claims are based.  Because the amended complaint entirely supersedes the original complaint, it should include any relevant facts or claims that plaintiff may have already stated in her prior filings.  *See* Fed. R. Civ. P. 10.  If defendant wishes to renew its motion to dismiss, it may do so in response to plaintiff's amended complaint.

### IV.     Conclusion

For the foregoing reasons, defendant's motion to dismiss for lack of subject-matter jurisdiction is DENIED, and defendant's motion to dismiss for failure to state a claim is DENIED without prejudice to its renewal.  Plaintiff is hereby ORDERED to file an amended complaint within 21 days of this order, or by April 1, 2016.  If plaintiff fails to do so, the Court may vacate its order denying defendant's motion to dismiss or otherwise take action to address the issues raised in that motion.

**So Ordered.**

Dated: March 10, 2016

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge