**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JACQUELINE WEAVER-FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 15-13101-FDS |
| | ) | |
| BOSTON PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S RENEWED MOTION TO DISMISS**

**SAYLOR, J.**

This is an employment discrimination and negligence action arising out of the suspension

of a Boston public school teacher following an altercation at a school holiday party.

On August 6, 2015, plaintiff Jacqueline Weaver-Ferguson filed a *pro se* complaint

against defendant Boston Public Schools ("BPS").  On September 8, 2015, BPS filed a motion to

dismiss contending that the Court lacks subject-matter jurisdiction over the case, and, in the

alternative, that the complaint failed to state a claim upon which relief can be granted.  Plaintiff

filed an opposition to that motion on September 24, 2015.  After review, the Court issued an

order on February 16, 2016, directing plaintiff to show cause why the case "should not be

dismissed for lack of diversity jurisdiction" and to "amend her complaint to include facts that

could give rise to a colorable claim under federal law."  Plaintiff filed a response to the order to

show cause on February 26, 2016, amending her monetary demand and alleging additional facts.

Following that response, the Court found that that subject-matter jurisdiction existed

under 28 U.S.C. § 1331 based on plaintiff's intent to bring a claim for race discrimination in

employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  The

Court directed plaintiff to file an amended complaint and denied defendant's motion to dismiss

under Rule 12(b)(6) without prejudice to its renewal.

Plaintiff filed an amended complaint on March 17, 2106.  Defendant then renewed its

motion to dismiss on March 24, 2016.

I.      **Background**

The amended complaint alleges that Jacqueline Weaver-Ferguson has been employed by

BPS at Lee Academy for fifteen years as an assistant teacher.  (Am. Compl. 1).  On December

13, 2013, Weaver-Ferguson and several of her colleagues attended a Christmas party for Lee

Academy staff.  (*Id.* at 2).  According to the amended complaint, a co-worker "began to accost

Plaintiff through intimidat[ing] and apprehensive contact, use of vulgar language, and unwanted

touching."  (*Id.*).  The co-worker then "began to harass Plaintiff by touching Plaintiff's hair and

put her hands violently on Plaintiff, causing [Plaintiff] to react to prevent bodily harm to her

person . . . ." (*Id.*).

The amended complaint further asserts that Weaver-Ferguson and others notified the

school's principal that the co-worker was intoxicated.  (*Id.*).  The amended complaint appears to

allege that the principal ignored the warnings, which "ultimately caused [the] incident."  (*Id.*).  It

alleges that "[t]here were no safety concerns by BPS staff [ ] for complaints that were brought to

staff before the incident got physical."  (*Id.*).  It also alleges that "[t]here was no security

provided by Defendant . . . ." (*Id.* at 3).

Both women were disciplined in the aftermath of the altercation.  Plaintiff is an African-

American female, and the co-worker is white.  (*Id.* at 2).  According to plaintiff, she was asked

not to come into work the following Monday and was suspended without pay for twenty days.

(*Id.* at 3).  The co-worker, however, was allegedly able to return to work, but was later transferred to a different Boston public school with no loss of pay.  (*Id.*).

The amended complaint requests compensatory damages in the amount of $112,049.00 and punitive damages.  It also appears to request that the Court order BPS to remove the suspension from her employment record.

## II.     Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).  *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, while "[p]*ro se* complaints are accorded an 'extra degree of solicitude . . . .' even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Wright v. Town of Southbridge*, 2009 U.S. Dist. LEXIS 12817, at *6-7 (D. Mass. January 15, 2009) (quoting *Adams v. Stephenson*, 1997 U.S.App. LEXIS 15371, at *2 (1st Cir. June 23, 1997)).

### III.     Defendant's Supplemental Documents

In support of its motion to dismiss, BPS has attached several documents as exhibits to its motion.  On a motion to dismiss, the court may properly take into account certain types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint.  *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see also Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991) (considering securities-offering documents submitted by defendants with motion to dismiss for claim of securities fraud); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1014-15 (1st Cir. 1988) (considering allegedly libelous article submitted by defendants with motion to dismiss).

Here, BPS has attached a "Position Statement" submitted to the Massachusetts Commission Against Discrimination (which has various exhibits of its own) and an invoice from the venue where the holiday party was held.  (Def. Mem. Exs. 2-3).[1]  As neither of these documents fall under any of the exceptions listed above, the Court will not consider them in evaluating the present motion to dismiss.

### IV.     Title VII Claim for Employment Discrimination

The amended complaint does not identify a specific cause of action *per se*.  However, as discussed in the Court's March 10, 2106 memorandum and order on defendant's motion to dismiss, Weaver-Ferguson appears to allege that BPS violated of Title VII of the Civil Rights Act of 1964, under which it is unlawful for an employer to discriminate against an employee based on his or her "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).

---

[1] BPS has also attached an MCAD complaint filed by a different employee; the Court assumes that document was attached in error.

It is not normally difficult for a complaint alleging Title VII discrimination to survive a motion to dismiss.  "[A] complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination." *Twombly*, 550 U.S. at 547 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)).[2]  Instead, "[i]n the employment discrimination context, it is not necessary for a plaintiff to plead facts supporting each element of a claim, provided that whatever facts are [pleaded] allow the Court to plausibly infer liability." *Sisco v. DLA Piper LLP*, 833 F. Supp. 2d 133, 140 (D. Mass. 2011).

The amended complaint contains sufficient facts to meet this relatively low threshold.  It alleges that Weaver-Ferguson is an African-American female, and that she was involved in a physical altercation with a white co-worker.  It alleges that while both women were disciplined following the incident, Weaver-Ferguson was suspended for twenty days without pay, whereas her co-worker was not.  Although the complaint does not allege specifically that Weaver-Ferguson was treated differently by BPS *because* of her race, that claim is clearly implied.

Thus, however informal or sparse it may be, the amended complaint alleges sufficient facts to allege a Title VII claim.  At a minimum, the amended complaint gives notice to defendant that the basis of the claim is the alleged unequal disciplinary treatment following the altercation with her white co-worker.

## V. <u>Negligence</u>

The amended complaint also appears to assert a claim for negligence under

_____

[2] More specifically, a plaintiff is not required at the pleadings stage to make out a *prima facie* discrimination claim under the *McDonnell Douglas* burden-shifting framework.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  A *prima facie* showing under *McDonnell Douglas* requires a demonstration of four elements:  (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination.  *Id.*  However, "[t]he prima facie case under *McDonnell Douglas*, . . . is an evidentiary standard, not a pleading requirement."  *Swierkiewicz*, 534 U.S. at 510.  The Supreme Court "has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."  *Id.* at 511.

Massachusetts state law.  "To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage."  *Cracchiolo v. Eastern Fisheries, Inc.*, 740 F.3d 64, 69 (1st Cir. 2014) (quoting *Jupin v. Kask*, 447 Mass. 141, 146 (2006)); *Lev v. Beverly Enterprises-Massachusetts, Inc.*, 457 Mass. 234, 239-240 (2010).

Here, the facts contained in the amended complaint are sufficient to state a claim for negligence.  The amended complaint alleges that Weaver-Ferguson is an employee of BPS; that she attended an event organized by BPS; that BPS did not provide any security for the event; that she notified a BPS supervisor that there was an intoxicated co-worker; and that the supervisor failed to take any action to prevent the ensuing physical confrontation.

BPS contends that it owed no duty to plaintiff because the party was "held off-site, after working hours," "attendance was voluntary," and had a "cash bar."  (Def. Mem. at 11).  BPS further contends that it is not liable in tort because its employees were not acting within the scope of their employment.  (*Id.*).  The evidence may well prove those facts are true.  Those contentions, however, involve questions of fact and law that may not be resolved on a motion dismiss, where the Court is required to take any plausible factual allegations by the plaintiff as true.  *See Twombly*, 540 U.S. at 555 (courts decide motions to dismiss "on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citations omitted).  Accordingly, to the extent that the amended complaint states a claim for common-law negligence, the motion to dismiss will be denied.

V.      **Conclusion**

For the foregoing reasons, defendant's motion to dismiss is DENIED.  Going forward,

the Court deems the amended complaint to assert a claim for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count One) and a claim for negligence under Massachusetts common law (Count Two).

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: April 22, 2016                     United States District Judge